```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF VERMONT
```

Azael Perales,                  :
    Plaintiff,              :
                            :
    v.                      :    File No. 1:09-CV-173
                            :
Lowe's Companies, Inc.,         :
*et al.*,                       :
    Defendants.             :

<u>OPINION AND ORDER</u>
(Paper 1)

Plaintiff Azael Perales, a California resident proceeding *pro se*, seeks to file a complaint against various defendants including Lowe's, Wal-Mart, Sam's Club, a series of investment funds, federal agencies, and the Judiciary and Appropriations Committees in the United States House and Senate. Pending before the Court is Perales' motion to proceed *in forma pauperis*. After reviewing the claims in the complaint, and for reasons set forth more fully below, it is clear that the complaint is frivolous and that the case must be DISMISSED.

When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis. <u>See</u> 28 U.S.C. §§ 1915(e)(2). A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B).

The complaint in this case is 61 pages in length, claims to be an action brought not only by Perales but also by 25 divisions within the U.S. Department of Justice, and names 26 defendants.  There is no apparent connection to the District of Vermont other than, as the plaintiff asserts in the complaint, the fact that several of the defendants do business here.  The allegations, while voluminous, are vague as to any direct connection between the plaintiff and defendants, asserting only generalized injuries resulting from broad conspiracies and other allegedly illegal activities.

Specifically, the complaint begins with citations to federal antitrust law, accusing the defendants of monopolizing trade, restraining trade between states and foreign nations, illegal importation of goods and commodities, and price discrimination.  As a result of these alleged activities, Perales has "had to live without food, clean water, freedom, shelter from the elements, the right to vote for our elected officials, intimacy, privacy, a career, happiness, respect, hope, a formal education, peace, joy, family, friends, a drivers [sic] license, money, un-employment insurance, inspiration, the pursuit of happiness, safety, security and liberty."  The complaint also claims that the plaintiff's

mother died in 2005, that all named defendants "knew of her death" but that "none of them offered to help me in any way or provide information of my mother's death." These injuries are repeated throughout the complaint, with little indication of how the defendants' alleged actions directly impacted the plaintiff's life situation.

Furthermore, the antitrust claims in the complaint are highly conclusory, and do not explain how the defendants' alleged conduct reduced competition or otherwise violated antitrust laws. See Atlantic Richfield Co. v. USA Petroleum Co., 495 U.S. 328, 334 (1990) ("The antitrust injury requirement ensures that a plaintiff can recover only if the loss stems from a competition-reducing aspect or effect of the defendant's behavior."). Accordingly, the complaint fails to state a viable legal claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (antitrust claim must be plausible on its face).

The next set of claims in the complaint cite the Taft-Hartley Act, alleging improper influence on labor unions. Perales claims to have had an affiliation with over 50 unions covering a multitude of occupations including airline pilots, farm workers, auto workers, electrical workers, iron workers, letter carriers, and painters. Even assuming such wide-ranging affiliations, it is not apparent from the complaint

how the defendants' alleged influence on unions caused the plaintiff direct harm.

Perales' remaining allegations pertain to the federal bankruptcy code, the Internal Revenue Service, and nuclear non-proliferation controls.  These claims, while quite lengthy, are vague as to the precise actions taken and injuries suffered.  References are made to the "Perales Estate" and to the possibility that the U.S. Department of the Treasury has appointed a trustee to act on the plaintiff's behalf, but the facts surrounding these allegations are unintelligible.

An action is "frivolous" when either "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy" or "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  Here, the plaintiff offers conclusory allegations of legal violations, along with broad allegations of harm, with no indication of a plausible cause of action.  Accordingly, the claims in the complaint fail to state a claim for relief and are frivolous.  Leave to amend will not be granted, as any effort to amend these claims would be futile.  See Hom Sui Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002).

For the reasons set forth above, the plaintiff's motion for leave to proceed *in forma pauperis* (Paper 1) is GRANTED, but this case is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of August, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge